UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      Plaintiff,

    v.                                Case No. 26-CR-94

SAMUEL P. STAIR,

      Defendant.

---

**RESTRAINING ORDER**

---

Upon consideration of the United States of America's application for a post-indictment restraining order, under 21 U.S.C. 853(e)(1), to preserve the availability for forfeiture of certain property in which the Defendant Samuel P. Stair has an ownership interest, namely, forty-three LLCs and their attendant assets, as detailed in Exhibit A hereto, and upon finding probable cause to enter the requested order,

IT IS HEREBY ORDERED that the United States' application for a restraining order is GRANTED.

IT IS FURTHER ORDERED that:

(1) Defendant Stair and his agents be and hereby are restrained from selling, transferring, assigning, giving away, or borrowing any additional sums against Defendant Stair's interest in any or all of the following LLCs, or the assets held thereby (collectively referred to herein as the S2 Real Estate LLCs):

    a. S2 Real Estate Group I LLC; S2 Real Estate Group 2, LLC; S2 Real Estate Group 3 LLC; S2 Real Estate Group 4 LLC; S2 Real Estate Group 5, LLC; S2 Real Estate Group 6, LLC; S2 Real Estate Group 7, LLC; S2 Real Estate Group 8, LLC; S2 Real Estate Group 9 LLC; 9330 W Lincoln S2 LLC; S2 Real Estate 10101 W Capitol LLC; S2 Real Estate 1700 Lincoln LLC; S2 Real Estate 1957 S Congo, LLC; S2 Real Estate 2033 S 17th LLC; S2 Real Estate 2126 S 17th, LLC; S2 Real Estate 2319 2327 Michigan, LLC; S2 Real Estate 2509 W Becher LLC; S2 Real Estate 2612-20 W Greenfield LLC; S2 Real Estate 2903-5 W Pierce,

LLC; S2 Real Estate 4631 Sonseeahray, LLC; S2 Real Estate 5916 W Burnham LLC; S2 Real Estate 605 N 30th, LLC; S2 Real Estate 729 21st, LLC; S2 Real Estate 7505 W Bradley LLC; S2 Real Estate 7601 W Becher LLC; S2 Real Estate Group 2323 S 5th, LLC; S2 Real Estate 2333 2345 S 9th Place, LLC; S2 Real Estate Group 829 S 19th, LLC; S2M2 Real Estate 2804 W Kilbourn, LLC; HMS2 Real Estate LLC; S2 1613 Bolivar, LLC; S2 Real Estate 9730 LLC, S2 Real Estate 1206-8 S 5th Pl LLC, S2 Real Estate 1517 S 23RD LLC; S2 Real Estate 1630 S 32ED, LLC; S2 Real Estate 1815 1733 LLC; S2 Real Estate 2224 LLC; S2 Real Estate 2925 Lincoln, LLC; S2 Real Estate 6900 W Lincoln LLC; S2 Real Estate Group 1836, LLC; S2 Real Estate Group 251927 LLC; S2 Real Estate, LLC; and S2 Real Estate Group Partners LLC.

(2) Defendant Stair is hereby restrained from exercising managerial or operational control over the S2 Real Estate LLCs and is required, instead, to engage a third-party management company to handle the day-to-day business and financial operations of the S2 Real Estate LLCs;

(3) Defendant Stair and his agents are hereby ordered to direct the third-party management company to provide to the United States Attorney's Office for the Eastern District of Wisconsin, on the first business day of each month:

a. Written confirmation that, to the knowledge of Stair and his agents, including the third-party management company which is responsible for operating the S2 Real Estate LLCs, that the S2 Real Estate LLC is in compliance with all state and local laws related to leasing residential and commercial real estate properties and that all taxes and other payments due and owing on any mortgages or liens on the properties have been made current;

b. Written accounting of the profits and losses incurred in the prior month, any outstanding sums due and owing to the S2 Real Estate LLCs, any outstanding sums due and owing from the S2 Real Estate LLCs, and any expenditures in excess of $10,000 expected in the next 30 days;

2

(4) Defendant Stair and his agents are hereby ordered to escrow all net profits of the S2 Real Estate LLCs, which are calculated as of the last business day of each month after deducting and paying any taxes, fees, mortgages, liens, payroll, or other payments due and owing on any legal obligation incurred by the S2 Real Estate LLCs.

(5) Defendant Stair and his agents are hereby ordered to direct those escrowed funds to the Treasury Executive Office for Asset Forfeiture ("TEOAF") for deposit into the Treasury Suspense Account ("TSA") by the fifteenth business day of each month.

(6) That the TEOAF shall promptly deposit any future payments that the TEOAF receives from Stair and his agents under the paragraphs above in the TSA. The TEOAF shall hold the payments and funds that it deposits into the TSA under this paragraph in escrow for potential forfeiture or return upon resolution of this criminal case, including all asset forfeiture proceedings.

(7) This Court shall retain jurisdiction of this matter for all purposes. The terms of this order shall remain in full force and effect pending further order of the court or entry of one or more judgments in this criminal case disposing of the monies at issued.

So ordered at  Milwaukee, Wisconsin, this __ day of June, 2026.

By the Court:

_____
**HON. BRETT H. LUDWIG**
**United States District Judge**

3