UNITED STATES OF AMERICA,

          Plaintiff,

                                         Case No. 26-cr-0094-bhl-1

   v.

SAMUEL STAIR,

          Defendant.

---

## DECISION AND ORDER DENYING MOTION TO SEAL

---

Now pending before the Court are two requests: (1) the government's motion to seal and (2) its *ex parte* application for a post-indictment criminal forfeiture restraining order under 21 U.S.C. §853(e)(1)(A). (ECF Nos. 190 & 191.) Through the first request, the government asks the Court to consider and grant the second request—and enter a significant restraint on real estate assets owned by Defendant Samuel Stair—without notice to or input from Stair or his counsel. As the government recognizes in a footnote, entry of such relief on an *ex parte* basis raises due process concerns. (ECF No. 191 at 11 n.2.) Beyond citing Section 853(e), however, the government has not explained why *ex parte* relief is necessary or appropriate here. In fact, the record suggests the opposite. The assets at issue do not appear to be in any danger of dissipating if Stair is afforded his basic constitutional right to notice and a meaningful opportunity to be heard. Because the government has not established good cause for proceeding in secret, *see* Gen. L. R. 79(d)(3), its motion to seal will be denied and its filings placed on the public docket. Recognizing the government's desire for prompt action, the Court will order Stair to file a substantive response to the government's application within seven (7) days, or by July 9, 2026. The government may file a reply within three (3) days of Stair's response. The Court will set a prompt hearing on the matter once briefing is completed.

### BACKGROUND

On May 5, 2026, a grand jury returned a thirty-three count indictment against Stair and seventeen co-defendants. (ECF No. 102.) Stair is charged in eleven counts, including three counts

of conspiracy to distribute controlled substances, one count of conspiracy to maintain a drug house, four counts of maintaining a drug house, one count of conspiracy to engage in money laundering, and two counts of money laundering. (*Id.*) The charges relate in various ways to Stair's real estate management company, S2 Real Estate, through which he owns forty-three LLCs that hold and operate rental properties in the Milwaukee area. (*Id.*) Stair is alleged to have used his substantial residential rental business to lease houses and apartments to known drug dealers to facilitate their drug trafficking. (*Id.*) The complaint further alleges that Stair not only profited from renting to the drug dealers, whom he believed to be a dependable source of income, but also relied upon them for security and for help in evicting tenants. (*Id.*)

The indictment includes a forfeiture notice that identifies Stair's forty-three LLCs, and the assets held through those LLCs, as property potentially subject to forfeiture if Stair is convicted. (*Id.* at 45–48). The government also obtained probable cause findings supporting the proposed forfeiture. (*Id.* at 40–44.) The indictment indicates there is probable cause to believe that the specific LLCs named in the indictment were used to facilitate Stair's drug trafficking and money laundering offenses. (*Id.* at ¶1(o).)

Stair's property and finances are currently subject to restrictions imposed by the Court. He was initially ordered detained pending trial and directed not to engage in any financial transactions in excess of $10,000 or to have a third party do so on his behalf. (ECF No. 77; ECF No. 120 at 37.) Stair has also retained a third-party, Smart Asset Realty (Smart Asset), to manage the properties held by the S2 Real Estate LLCs while this case proceeds. (ECF No. 173 at 7.) Stair later challenged his detention, and the Court ordered him released subject to a number of conditions. (ECF No. 173.) Those conditions include a requirement that Stair not engage in any transaction in excess of $10,000 without prior approval of pretrial services and that Smart Asset provide notice to pretrial services of any expenditure in excess of $10,000. (ECF No. 177 at 3.) There has been no showing that Stair has failed to comply with any of these conditions or has otherwise not cooperated with pretrial services. Nor has the government requested any changes to the conditions set by the magistrate judge after the Court's detention ruling.

On June 16, 2026, the government filed the pending requests. (ECF Nos. 190 & 191.) Through these filings, the government seeks an order: (a) requiring Stair to continue contracting with a third-party management company to operate his business throughout the pendency of this litigation; and (b) requiring net proceeds of Stair's forfeitable business operations to be deposited

to the Treasury's temporary holding account, known as the Treasury Suspense Account. (ECF No. 191 at 1.) And it seeks to do so, on an *ex parte* basis, with the filings under seal and without input from Stair and his counsel until after the Court rules. (*Id.* at 11–12.) As explained below, the government has not shown good cause for conducting this proceeding in secret. Accordingly, the Court will deny the government's motion to seal and allow Stair the opportunity for notice and a hearing before ruling on the government's application.

## DISCUSSION

Under 21 U.S.C. §853, the government can obtain the forfeiture of a criminal defendant's rights in property associated with his or her offense conduct once the defendant is convicted. The government need not wait until it obtains a conviction to act against that property. Section 853(e) authorizes the government to apply for a restraining order, injunction, or other form of relief "to preserve the availability of property" that may be forfeited, even before the jury returns a guilty verdict. In fact, the statute allows the Court to grant such relief even before the grand jury returns an indictment. Section 853(e)(1)(B) authorizes the Court to issue a *pre-indictment* restraining order, but only upon notice and an opportunity for a hearing to all "persons appearing to have an interest in the property." The Court can dispense with the notice and hearing requirement only in limited circumstances. 21 U.S.C. §853(e)(2). If the government waits until after the defendant is indicted, it may apply for a restraining order under Section 853(e)(1)(A), which is silent on providing the indicted defendant or other interested parties notice and an opportunity to be heard before their property rights are affected.

The government has asked this Court to issue a post-indictment, pre-trial restraining order under 21 U.S.C. §853(e)(1)(A) on an *ex parte* basis. The government notes that in issuing the indictment, the grand jury found probable cause to believe that Stair utilized his real estate business, and its related LLCs, to facilitate drug trafficking and money laundering, (ECF No. 191 at 2, 13 (citing ECF No. 102 at ¶1(o), 44–42)), and such property is subject to forfeiture. (*Id.* at 4–9.) The government seeks an order that requires Stair to direct Smart Assets to turn over all net proceeds of the S2 Real Estate LLCs named in the indictment to the United States Department of Homeland Security so that those funds can be deposited into the Treasury Suspense Account and held in escrow for potential forfeiture if the government secures a conviction. (*Id.* at 15.) By moving to seal, it also asks the Court to grant the government's application without any

participation by the defense, leaving Stair to object after the fact, only after relief has already been granted.  (ECF No. 190.)

Conducting judicial business in secret is contrary the fundamental principles of our system and is generally allowed only in extraordinary circumstances.  The Seventh Circuit has long emphasized that courts should be hesitant to seal materials from the public record, in both civil and criminal proceedings.  Whether a document may properly be filed and maintained under seal requires balancing the request for secrecy against the "'common law right of [public] access' to judicial records."  *United States v. Corbitt*, 879 F.2d 224, 228 (7th Cir. 1989) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)).  Circuit precedent confirms that "[i]nformation that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies nondisclosure."  *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009) (holding that "those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets of other categories of bona fide long-term confidentiality.").  The Court of Appeals has also "disapproved any general 'privacy' rationale for keeping documents confidential.  Statutes, yes; privileges, yes: trade secrets, yes; risk that disclosure would lead to retaliation against an informant, yes; a witness's or litigant's preference for secrecy, no.  The law could not be clearer."  *Id.* at 854.  Accordingly, under this Court's Local Rules, "[a]ny motion to restrict access or seal must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record."  Gen. L. R. 79(d)(3) (E.D. Wis.).  "Absent a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials, the motion must be denied and the documents or materials publicly filed by the Clerk of Court, unless otherwise ordered by the Court."  *Id.*

The government's motion to seal, by which it seeks to keep its application for a pre-trial restraining order hidden until granted, implicates serious due process concerns.  The pretrial seizure of assets in a criminal case constitutes an impairment on property triggering the Due Process Clause of the Fifth Amendment, which provides that "no person shall be . . . deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V.; *see also United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 48 (1993) ("Our precedents establish the general rule that individuals must receive notice and an opportunity to be heard before the Government deprives them of property."); *Kaley v. United States*, 571 U.S. 320, 326 (noting "that

the Fifth Amendment's right to due process and the Sixth Amendment's right to counsel constrain the way the federal forfeiture statue applies to assets needed to retain an attorney.") "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citing *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). "The core of due process is the right to notice and a meaningful opportunity to be heard." *United States v. Kirschenbaum*, 156 F.3d 784, 792 (7th Cir 1998) (internal citation omitted). And, "[a]lthough an indictment alleging that one's property is forfeitable is 'notice' of the government's allegations, it does not provide a meaningful opportunity to be heard." *Id.* at 792–93 (internal citations omitted).

The United States Supreme Court has twice addressed constitutional questions related to Section 853 and entry of post-indictment restraints on a criminal defendant's property rights. In *United States v. Monsanto*, 491 U.S. 600 (1989), a defendant was indicted for violations of the federal racketeering laws, creation of a continuing criminal enterprise, and tax and firearm offenses. *Id.* at 602. The indictment also alleged that three specific assets— a home, an apartment, and $35,000 in cash—had been accumulated by the defendant as a result of his narcotics trafficking and were subject to forfeiture as "property constituting, or derived from . . . the proceeds . . . obtained" from drug-law violations. *Id.* at 602–03. The defendant challenged the district court's entry of a post-indictment seizure order under 18 U.S.C. §853(e)(1)(A) on Sixth Amendment right to counsel grounds, insisting he needed the seized funds to pay for defense counsel. *Id*. at 603–04. The district court rejected the challenge and, after two trips to the Court of Appeals, the Second Circuit, sitting *en banc*, reversed and remanded the case, directing the district court to modify its order to allow the defendant to use the seized assets to pay for counsel. *Id*. at 604–06. The Supreme Court then granted certiorari and reversed the Court of Appeals. *Id.* at 606. The Supreme Court's opinion primarily addresses the statutory language of Section 853(e)(1)(A), which, it concluded, expressly authorizes the government to freeze a criminal defendant's assets irrespective of his need to pay for counsel of his choice. *Id.* at 615–16. The Court also offered a brief discussion of the potential constitutional issues and held that allowing the pre-conviction seizure of a criminal defendant's assets and depriving him of the use of those assets to pay for counsel did not interfere with his Sixth Amendment right to counsel or his Fifth Amendment due process rights so long as there was a finding of probable cause that the property was gained from illegal activity. *Id*. In a footnote, the Court explicitly left open any constitutional issues relating to the *ex parte*

nature of the process, confirming "[w]e do not consider today . . . whether the Due Process Clause requires a hearing *before* a pretrial restraining order can be imposed." *Id.* at 615 n.10 (italics added).

Twenty-five years later, in *Kaley v. United States,* 571 U.S. 320 (2014), the Court again addressed the pre-conviction seizure of a criminal defendant's assets. In *Kaley*, a district court granted a pre-conviction restraining order against assets owned by a married couple who were indicted on charges that they had transported stolen medical devices across state lines and then laundered the proceeds. *Id*. at 325. The defendants moved to vacate the order, insisting the charges were misplaced and they needed the funds to pay for defense counsel. *Id*. The district court modified its order to exclude a small portion of the assets unconnected to the charged offenses but otherwise denied the motion without a hearing. *Id*. at 325. The Eleventh Circuit reversed and remanded the case for an evidentiary hearing on whether the restrained assets were traceable to the alleged criminal conduct. *Id.* Then, on remand, the defendants abandoned any challenge to the traceability issue and asked for a hearing solely on whether their alleged conduct constituted a crime. *Id.* at 325–26. The district court responded by continuing its prior order and the Eleventh Circuit affirmed, concluding that the defendants were not entitled to a hearing to challenge the validity of their indictment. *Id.* at 326. The Supreme Court granted a writ of certiorari and then affirmed. *Id.* In doing so, it reiterated its holding in *Monsanto* and held that a pre-conviction seizure of assets is constitutionally permissible so long as there is probable cause to believe "(1) that the defendant has committed an offense permitting forfeiture, and (2) that the property at issue has the requisite connection to that crime." *Id*. at 323–34. The Court then held that a defendant is not constitutionally entitled to a hearing to contest the grand jury's determination of the first question —whether there is probable cause to believe the defendant committed the crime charged. *Id.* at 341. The Supreme Court refrained from resolving whether due process requires a hearing on the second question, noting that "the lower courts have generally provided a hearing to any indicted defendant seeking to lift an asset restraint to pay for a lawyer." *Id.* at 324. The Court did not address whether due process requires such a hearing prior to the seizure of the defendant's assets.

The Seventh Circuit has repeatedly flagged, but declined to decide, the issue of whether due process requires that a defendant be provided a pre-seizure hearing before entry of a Section 853 restraining order. *See United States v. Jones*, 844 F.3d 636, 641 n.1 (7th Cir. 2016); *United*

*States v. Phillips*, 434 F.3d 913, 916 (7th Cir. 2005); *Kirschenbaum*, 156 F.3d at 793. In *Kirschenbaum*, the Court of Appeals avoided the issue on grounds it would be "imprudent to wrestle with whether the statute is unconstitutional—a difficult issue that has divided the circuits—without the benefit that a ruling by the district court and a full treatment by the parties on appeal would give us." 156 F.3d at 793. In *Jones* and *Phillips*, the Court of Appeals explained that both cases provided an "inadequate vehicle" to resolve the issue. *Jones*, 844 F.3d at 641 n.1; *Phillips*, 434 F.3d at 916.

The government's motion to seal now places this issue directly before the Court. Given the basic requirements of due process— notice and a meaningful opportunity to be heard—and the preceding caselaw, the Court has concerns about the government's approach. The Court acknowledges that entry of a post-indictment restraining order under Section 853(e)(1)(A), without notice and a hearing, is permissible in some circumstances. Where the government shows that pre-seizure notice and a hearing would jeopardize its ability to preserve the assets or there is a need for urgency that makes notice and hearing impracticable, the *ex parte* entry of a restraining order would be justified. But proceeding *ex parte* is the exception and not the rule in our courts. Here, the government has offered no justification for proceeding without providing Stair and his counsel notice and an opportunity to be heard. In fact, the record, including the government's own submission, suggests the opposite. The subject assets consist of LLC interests, real estate holdings, and rent proceeds, all of which have already been identified in the Indictment and are subject to an existing court order. The government's interests in these assets are already protected while they pursue Stair's conviction and any resulting forfeiture. The government also acknowledges that Stair's counsel has confirmed that Smart Asset has been directed to segregate any income derived from the assets of the S2 Real Estate LLCs pending conclusion of the instant litigation, (ECF No. 191 at 4), further undercutting any potential urgency or need for secrecy. The government complains that it lacks "visibility into" and "oversight authority" over the assets and does not know where or how Smart Asset is segregating or managing those funds. (*Id.*) These appear to be legitimate concerns, but the government's desire for additional transparency does not explain why the Court should act behind the backs of Stair and his counsel.

In sum, the government appears to have simply assumed it is entitled to seal its application and to obtain relief on an *ex parte* basis. This approach ignores the basic premise of our adversarial and public court system and the fundamental requirement that the government establish good cause

to seal any filing or proceeding.  *See* Gen. L. R. 79(d)(3).  Given the constitutional questions at play and the government's failure to justify proceeding *ex parte*, its motion to seal will be denied. Nothing in this order should be taken as a ruling on the merits of the government's restraining order application.  The Court is simply reserving ruling on the issue to allow Stair and his counsel notice of the government's request and a meaningful opportunity to be heard.  "The essence of due process is the requirement that 'a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it.'"  *Mathews*, 424 U.S. at 348–49 (quoting *Joint Anti-Fascist Comm. v. McGrath*, 341 U.S. 123, 171–172 (1951) (Frankfurter, J., concurring).  Providing Stair with basic notice and the opportunity to be heard will ensure Stair's rights are protected without any unfair prejudice to the government.

Accordingly,

**IT IS HEREBY ORDERED** that the United States' motion to seal, ECF No. 190 is **DENIED**.  The Clerk is directed to unseal ECF No. 191 and place it on the public docket.

**IT IS FURTHER ORDERED** that Defendant Stair file a substantive response to the government's application, ECF No. 191, within 7 days or by **July 9, 2026**.  The government may file a reply within 3 days of Stair's response.  The Court will set a prompt hearing on the matter once briefing is completed.  The conditions of Stair's bond remain in full force and effect.

Dated at Milwaukee, Wisconsin on July 2, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge