# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WISCONSIN

## COURT MINUTES

**UNITED STATES OF AMERICA**

|  |  |
|---|---|
| v. | **COUNSEL-ONLY STATUS CONFERENCE** **(by telephone)** |
| **SAMUEL STAIR** | **Case No. 26-cr-0094-bhl-1** |

HONORABLE BRETT H. LUDWIG presiding
Proceeding Held: July 17, 2026
Deputy Clerk: Julie D.

Time Called: 10:04 a.m.
Time Concluded: 10:57 a.m.
Tape: 217

**Appearances:**

UNITED STATES OF AMERICA by: Julie Stewart & Elizabeth Monfils

SAMUEL STAIR by: Daniel Adams and Lauren Gorman

The Court summarized the procedural history of the case, including the pending motion for a pre-conviction restraining order. The government and defense counsel each confirmed the Court's summary and provided no updates. The Court noted that it has not had time to review in depth the parties' briefing since the Court's prior order denying the government's motion to seal but scheduled this status hearing to ask the parties to propose a protocol for resolving the pending motion.

The parties presented their positions on how the issue should be resolved. The government's position is that a grand jury has already made specific probable cause findings as to whether a crime has been committed and whether there is a nexus between certain property identified in the indictment and the crime. Based on these findings, the government contends the Court may issue a post-indictment restraining order to preserve forfeitable assets without an evidentiary hearing. The government agreed that the scope and nature of the restraining order remain within the Court's discretion. The government also noted that it is willing to work with the defense to ensure that the defendant has the funds available to pay for his counsel of choice.

Defense counsel's position is that an evidentiary hearing is necessary on the nexus issue. Defense counsel noted that the bond conditions have already restrained the defendant's assets. Defense counsel also reported on the defense's concerns about discovery and indicated that efforts to modify the protective order governing discovery are underway before the magistrate judge. Defense counsel confirmed that the third party managing the defendant's real estate assets, Smart Asset, is holding all net profits from those assets and not distributing

them to the defendant.  Counsel confirmed that the defense is willing to work with the government and Smart Asset, to provide information to the government about the state of the ongoing business.

The Court noted that the protective order and state of discovery are being managed by the magistrate judge and the Court's preference is for the magistrate judge to continue to address such pretrial issues.  The Court further noted that it anticipates a hearing with testimony or proffers from the parties.  The government confirmed that it is seeking to formalize an agreement regarding S2's current operations in order to preserve, not forfeit, only net assets that are legally forfeitable in the event of a conviction.

Given the Court's need to review the parties' briefing in greater detail and the limited time available today, the Court continued the telephonic hearing to **July 27, 2026, at 3:00 p.m.**  To appear, counsel must call the Court conference line at 1-669-254-5252, enter Meeting ID 160 9600 2659 and Passcode 243805 before the scheduled hearing time.  The Court strongly encouraged the parties to work together to reach a consensual resolution to allow the assets to be preserved pending a final resolution of this case without the need for a hearing.