# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WISCONSIN

### COURT MINUTES AND ORDER

**UNITED STATES OF AMERICA**

v.

**HEARING ON GOVERNMENT'S MOTION POST-INDICTMENT RESTRAINING ORDER**

**SAMUEL P. STAIR**

**Case No. 26-cr-0094-bhl-1**

---

HONORABLE BRETT H. LUDWIG presiding
Proceeding Held: August 14, 2026
Deputy Clerk: Julie D.

Time Called: 11:09 a.m.
Time Concluded: 2:30 p.m.
Court Reporter: J. Stake

**<u>Appearances</u>:**

UNITED STATES OF AMERICA by: Julie Stewart & Katherine Halopka-Ivery

SAMUEL STAIR in person and by: Lauren Gorman & Daniel Adams

---

The Court summarized the procedural history of the case and noted that the government hand delivered to chambers this morning two affidavits, a transcript of a call involving the defendant, and a USB/thumb drive with exhibits related to today's hearing. The government confirmed that all documents and materials have been provided to the defense. The Court directed the government to file the materials on the docket and, at the government's request, ordered that the materials could be filed under seal.

The Court summarized the legal background, noting that 21 U.S.C. §853 and 18 U.S.C. §982 authorize the Court to issue a post-indictment pre-conviction restraining order on potentially forfeitable assets. Entry of such an order requires two separate probable cause findings: first, a finding that probable cause exists to believe that a crime has been committed and second, a finding that probable cause exists to believe the property the government seeks to restrain has the requisite connection or nexus to the charged offense such that it would be subject to forfeiture upon conviction. The grand jury has made findings on both issues in the Indictment, ECF No. 102. Based on *Kaley v. United States*, 571 U.S. 320 (2014), the grand jury's finding of probable cause to believe a crime has been committed is binding and cannot be relitigated in connection with a post-indictment restraining order, however, the second issue – the nexus issue – is the subject of today's hearing.

The Court heard argument from both parties. The government seeks a restraining order whereby the defendant is restrained from exercising managerial or operational control over the 43 property-holding LLCs of

the defendant's S2 Real Estate business and required to engage a third-party management company to handle the day-to-day business and financial operations of the S2 Real Estate LLCs. The government also seeks an order that requires the defendant and his agents to direct that third-party management company to provide to the government certain requested information to confirm that the assets of the S2 Real Estate LLCs are not dissipated and all net profits are escrowed. The government argues that the defendant disregarded the corporate form of approximately 43 LLCs and used his real estate business as a single unified enterprise to facilitate drug trafficking and involved those LLCs in money laundering. The defense argues that the defendant did not disregard the LLCs' corporate form and utilized AppFolio, a software platform for real estate and property management, whereby every transaction is capable of being traced. The defense also argues that the affidavits submitted by the government rely on false or misconstrued information and that the government has not met its burden for a post-indictment restraining order.

The Court took the matter under advisement. The Court also ruled that the defendant's motion for in camera inspection of grand jury materials prior to the August 14 hearing, ECF No. 233, is moot and denied the motion without prejudice. The Court also set a schedule for supplemental briefing on the government's enterprise theory.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion Under Rule 6 for In Camera Inspection of Grand Jury Materials with Respect to Count 35 Prior to August 14 Hearing, ECF No. 233, is **DENIED as moot and without prejudice.**

**IT IS FURTHER ORDERED** that the government may have until August 28, 2026 to submit additional briefing on its enterprise theory that the defendant's business of 43 property-holding LLCs was involved in money laundering and defendant facilitated drug trafficking utilizing those LLCs warranting restraint of those 43 LLCs to ensure assets are not dissipated and subject to forfeiture. The defendant may have until September 11, 2026 to submit a brief in response.

Dated at Milwaukee, Wisconsin on August 14, 2026.

s/ <em>Brett H. Ludwig</em>
BRETT H. LUDWIG
United States District Judge

.